DENNIS McCARTY *vs.* THOMAS MURRAY & Trustees.

An instrument, not under seal, by which an infant assigns a certain amount of the wages to become due him under an existing contract, and appoints the assignee his attorney to receive it to his own use, the consideration of which is a less amount supplied the infant for necessaries, is not void, nor voidable by his creditors.

ACTION OF CONTRACT for money paid. The defendant was an infant, between eighteen and twenty years of age, and had no father living, and did not reside with his mother, and she did not support him, nor receive his earnings. There was due him from the Dwight Manufacturing Company, summoned as trustees, at the time of the service of this process upon them, $19 for work. Before said service, they had notice of an assignment, coupled with a power of attorney, from the defendant to Joseph P. Buckingham. By the terms of this instrument, which was not under seal, and was made in good faith, for the consideration of $22 due from the defendant to Buckingham for necessaries, the defendant assigned to Buckingham all wages then due or that might become due him from the trustees, until the same should amount to the sum of thirty dollars; and appointed Buckingham his attorney to receive said wages to his own use, to give all necessary receipts therefor, and to bring all suits necessary to collect them; but it contained no stipulation for a return of any part of the thirty dollars, nor for any settlement or adjustment of claims between the parties. The defendant never

revoked, nor expressed any desire to avoid this assignment. Buckingham was admitted as a party to the suit; and the question, whether he or the plaintiff was entitled to the funds in the hands of the trustees, was submitted to the court of common pleas, and, upon appeal, to this court, upon the facts above stated.

*J. Wells & G. M. Stearns*, for the plaintiff. 1. The instrument under which the claimant seeks to hold the funds is void ; because the defendant was an infant, and as such legally incapable of delegating a power ; for he cannot appoint an agent to do—what he cannot do himself—acts not avoidable by him ; and he could not ratify one act of his attorney, without confirming the power, and so ratifying all the acts done under it. 1 Amer. Lead. Cas. (3d ed.) 250, and cases cited. Long on Sales, (2d Amer. ed.) 11. Reeve Dom. Rel. 254. *Hiestand* v. *Kuns*, 8 Blackf. 348. *Waples* v. *Hastings*, 3 Harring. (Del.) 403. *McGan* v. *Marshall*, 7 Humph. 121. *Whitney* v. *Dutch*, 14 Mass. 461.

2. This assignment is void, as being prejudicial to the interests of the infant ; for it is an assignment of future wages ; and is of an amount larger than the debt, which was the consideration for it, and does not reserve any right to a return of the surplus ; and that debt would seem to have been an old debt. *Vent* v. *Osgood*, 19 Pick. 572, 573. *United States* v. *Bainbridge*, 1 Mason, 82. Co. Lit. 172. *Baylis* v. *Dineley*, 3 M. & S. 482. *Maples* v. *Wightman*, 4 Conn. 376. *Langford* v. *Frey*, 8 Humph. 443.

3. The assignment is inoperative ; because it does not appear that there were, at the time of the assignment, any wages due, or any contract existing under which wages were to be earned. *Mulhall* v. *Quinn*, 1 Gray, 105.

*C. R. Ladd*, for the claimant. The assignment, being a simple contract, made in good faith, and for a good consideration, is not void, but voidable only by the defendant or his legal representatives. 2 Kent Com. (6th ed.) 234–237, and cases cited. *Zouch* v. *Parsons*, 3 Bur. 1794. *Keane* v. *Boycott*, 2 H. Bl. 511. Rol. Ab. 730. *Whitney* v. *Dutch*, 14 Mass. 457. *Oliver* v *Houdlet*, 13 Mass. 237. *Willis* v. *Twambly*, 13 Mass. 204. *Vent* v.

*Osgood*, 19 Pick. 572.   *Kendall* v. *Lawrence*, 22 Pick. 540.   *Reed* v. *Batchelder*, 1 Met. 559.   *Corey* v. *Corey*, 19 Pick. 29.   *Worcester* v. *Eaton*, 13 Mass. 371.   *Nightingale* v. *Withington*, 15 Mass. 272.

THOMAS, J.   The contract of assignment was a simple contract.   It was without fraud.   It was for necessaries.   If it could be avoided at all, to the extent of the defendant's indebtedness to the claimant, it was only voidable, and not void.   If voidable, it could be avoided only by the defendant.   He has not avoided it.

Whether so much of the instrument of assignment, as sought to make the claimant the attorney of the defendant, is valid or not, it is not material to inquire.   It is enough that it operates as an assignment.

We do not think the question, whether there were wages due at the time of the assignment, or whether there was then an existing contract, under which they might be earned, is open upon the agreed statement of facts.

*Judgment for the claimant.*